UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14007-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH FRANK CANTU,

    Defendant.

_____/

FILED by _____ D.C.
SEP - 8 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for an evidentiary hearing on September 8, 2010 pursuant to an Order of Reference from the District Court in respect to the pending Superseding Petition Alleging Violations of Supervised Release, and this Court received testimony and evidence, makes the following recommendation to the District Court.

1. The Defendant is charged in a Superseding Petition Alleging Violations of Supervised Release. That Superseding Petition lists thirteen violations as follows:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about May 26, 2010, in Hardee County, Florida, the defendant committed the offense of possession of methamphetamine. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 4, 2010, the defendant submitted a urine specimen which tested positive for the presence of methamphetamine in the Middle District of Florida Drug Testing Lab; and subsequently confirmed positive by Alere Toxicology Services, Incorporated. |

| | |
|---|---|
| **Violation Number 3** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 12, 2010, the defendant submitted a urine specimen which tested positive for the presence of methamphetamine in the Middle District of Florida Drug Testing Lab; and subsequently confirmed positive by Alere Toxicology Services, Incorporated. On June 12, 2010, the defendant admitted that he had used methamphetamine on or about June 9, 2010. |
| **Violation Number 4** | **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On June 4, 2010, the defendant advised U.S. Probation Officer Brad Vaughn that he had not recently used any illegal drugs, and that there were no illegal drugs in his system. The defendant signed his name attesting to the veracity of his statement, when in fact, he had recently used methamphetamine, as was evidenced by his submission of a urine specimen on this date that when tested yielded a positive result for the presence of methamphetamine. On June 8, 2010, the defendant recanted his statement and admitted to using metham- phetamine. |
| **Violation Number 5** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about June 26, in Hardee County, Florida, the defendant committed the offense of possession of marijuana with intent to distribute, contrary to Florida Statute 893.13(1)(a)(Hardee County Case No.: 2010CF184). |
| **Violation Number 6** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about June 26, 2010, in Hardee County, Florida, the defendant committed the offense of possession of paraphernalia, a digital scale, in violation of Florida Statute 893.147(1)(Hardee County Case No.: 2010CF184). |

**Violation Number 7**       **Violation of Standard Condition**, by associating with a person who is a convicted felon without the permission of the U.S. Probation Officer. On or about June 26, 2010, the defendant knowingly associated with Terry Victor Williams, a white male, date of birth February 24, 1974, convicted in Hardee County, Florida on September 2, 2003, Docket Number 2002CF240, for possession of methamphetamine and sentenced to three years, two months and 12 days. The defendant was also convicted on September 2, 2003, in Hardee County, Florida, Docket Number 2002CF387, for trafficking methamphetamine, and sentenced to eight years to run concurrent with Docket Number 2002CF240.

**Violation Number 8**       **Violation of Mandatory Condition**, by failing to submit to drug testing. On June 30, 2010, the defendant was instructed to submit to drug testing and he failed to do so.

**Violation Number 9**       **Violation of Mandatory Condition**, by failing to submit to drug testing. On July 1, 2010, the defendant was instructed to submit to drug testing and he failed to do so.

**Violation Number 10**      **Violation of Special Condition**, by failing to participate in an approved treatment program. On or about July 2, 1010, the defendant failed to attend his scheduled appointment with Behavioral Choices and to date, has not satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer.

**Violation Number 11**      **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about August 11, 2010, in Highlands County, Florida, the defendant committed the offense of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§846 and 841(a)(1).

| | |
|---|---|
| **Violation Number 12** | **Violation of Mandatory Condition**, by unlawfully possessing a controlled substance. On or about August 11, 2010, in Highlands County, Florida, the defendant was found in possession of methamphetamine by the Drug Enforcement Administration and was charged with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. |
| **Violation Number 13** | **Violation of Standard Condition**, by leaving the judicial district without first securing permission of the probation officer. On or about August 11, 2010, the defendant traveled to Highlands County, Florida, without securing the permission of the probation officer or the Court, as evidence by his arrest by the Drug Enforcement Administration. |

2. The government called as its witness William Vaughn, a United States Probation Officer from the Middle District of Florida where the Defendant was being supervised. Mr. Vaughn is the U.S. Probation Officer supervising the Defendant. Mr. Vaughn testified that on or about May 27 or 28, 2010, the Defendant called him and advised Mr. Vaughn that the Defendant had been stopped by law enforcement in Hardee County, Florida. The Defendant told Mr. Vaughn that it was a traffic stop in which it was alleged that methamphetamine was found in his vehicle. The Defendant denied knowing that the methamphetamine was in the vehicle and stated that it must have belonged to the other passenger.

3. Mr. Vaughn requested that the Defendant appear in his offices the next business day to submit a urine specimen. The Defendant did so as directed and the urine specimen he gave later tested positive for the presence of methamphetamine. This urine specimen was given by the Defendant on June 4, 2010.

4. Shortly thereafter, Mr. Vaughn went to the Defendant's residence in Hardee County and could not locate him. He was finally able to get the Defendant on the phone and directed that the Defendant return to his residence. The Defendant did so. Mr. Vaughn told the Defendant that based upon his discussions with the officers involved in the investigation of the May 26, 2010 traffic stop in Hardee County, Florida, that the Defendant had lied and given Mr. Vaughn false information concerning the traffic stop. It was also at this time that Mr. Vaughn advised the Defendant that his June 4, 2010 urine specimen had been analyzed and tested positive for the presence of methamphetamine. Therefore, Mr. Vaughn advised the Defendant that the Defendant had lied to him when the Defendant told him on June 4, 2010 that he had not recently used illegal drugs and that there were no illegal drugs in his system. The Defendant admitted to Mr. Vaughn that he knew that the methamphetamine was in his vehicle on May 26, 2010 and he had asked the passenger Carillo to dispose of the drugs. He further admitted to Mr. Vaughn that he had been using methamphetamine since March or April of 2010.

5. The Defendant was directed by Mr. Vaughn to come to his offices to submit another urine specimen. The Defendant did so on or about June 12, 2010. That urine specimen which the Defendant gave on that date later tested positive for the presence of methamphetamine. This was an observed sample since the previous sample that the Defendant had submitted was deemed suspect by the U.S. Probation Officers.

6. On or about June 26, 2010, the Defendant was again stopped by law enforcement in Hardee County, Florida. During that stop a substance later determined to be marijuana was found in a food box. Also found in the Defendant's possession at that time was a device used to submit false urine specimens as well as a digital scale. Mr.

Vaughn has reviewed the police reports and while his testimony previously at this hearing indicated that the substance was methamphetamine, he corrected his testimony after reviewing the police reports and recalls the officers telling him that the substance seized from the Defendant on June 26, 2010 was marijuana.

7. At the time that the Defendant was stopped in Hardee County, Florida on June 26, 2010, he was in the presence of an individual named Terry Victor Williams. This person is a convicted felon. Mr. Vaughn had previously advised the Defendant that he was not to be associating with any convicted felons. The Defendant told Mr. Vaughn that he knew that Terry Williams was a convicted felon and done state prison time for a drug conviction.

8. Thereafter, the Defendant began missing appointments for urinalysis and substance abuse counseling sessions. The Defendant failed to return phone calls or to appear to submit urine specimens to his probation officer. He failed to appear on June 30, 2010 and July 1, 2010 to submit urine specimens. On or about July 2, 2010, the Defendant failed to meet his scheduled appointment with Behavioral Choices which is a counseling service utilized by the U.S. Probation Office in the Middle District of Florida. He was directed to attend those sessions and he failed to comply with his U.S. Probation Officer's directions in that regard.

9. Mr. Vaughn also received information that on or about August 11, 2010, the Defendant was arrested for the offense of conspiracy to possess with intent to distribute and possession with intent to distribute fifty grams or more of methamphetamine in Highlands County, Florida. Mr. Vaughn has spoken with the DEA case agent on that case as well as Detective Wright of the Hardee County Sheriff's Office who advised Mr. Vaughn

of the Defendant's arrest in regards to those two offenses. Further, since the arrest on August 11, 2010 occurred in Highlands County, which is in the Southern District of Florida, the Defendant had left the Middle District of Florida without Mr. Vaughn's permission. Mr. Vaughn testified that he has previously denied the Defendant permission to travel outside of the Middle District of Florida. His arrest in Highlands County on August 11, 2010 is in violation of those specific directions.

10. The Defendant presented no witnesses, evidence or argument at the evidentiary hearing.

11. Based upon the testimony submitted by the government, all thirteen violations set forth in the Superseding Petition have been established through the testimony of Mr. Vaughn, the Defendant's U.S. Probation Officer. This Court will not reiterate each violation. However, each violation is sufficiently referenced in Mr. Vaughn's testimony as set forth by this Court above as to date, place, and particular conducted of the Defendant which supports the individually numbered violations set forth in the Superseding Petition. This Court recommends that the District Court revoke the Defendant's supervised release and conduct a sentencing hearing for final disposition in this matter.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to the thirteen violations listed in the Superseding Petition and that the District Court conduct a sentencing hearing at its earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of September, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Theodore M. Cooperstein
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal